ROBERTS, Respondent, vs. LAMBERTON, Appellant.

*April 18—May 8, 1903.*

*Contracts: Consideration: Statute of frauds: Executors: Appeal from allowance of claim: Costs.*

1. The assumption by a remainderman of a debt of the life tenant secured by a mortgage of the land, and the procurement thereby of the release of the life tenant from all liability, is a sufficient

consideration for the promise of the life tenant to pay interest during her life to the remainderman on the amount of said debt.

2. Such promise of the life tenant is not within the statute of frauds.

3. Where an appeal from the allowance of a claim by the county court is taken under sec. 4039, Stats. 1898, by one of the executors alone in her capacity as legatee, her co-executor refusing to join in an appeal in his official capacity, sec. 2932 is inapplicable, and costs may be taxed against the appellant personally both in the circuit court and in the supreme court.

Appeal from a judgment of the circuit court for Racine county: Frank M. Fish, Circuit Judge. *Affirmed.*

This is an appeal from a judgment allowing a claim in favor of the respondent, *Hale Roberts,* against the estate of his mother, Winifred Roberts, deceased. The claim was allowed in the county court, and from that judgment an appeal was taken to the circuit court by *Cassie R. Lamberton,* a sister of the claimant, and one of the legatees under the will of Winifred Roberts. The circuit court found the facts to be as follows:

"In 1894, on August 15th, testator and claimant made and entered into an agreement whereby, in consideration of the assuming by said *Hale Roberts* of the payment of $1,800 of the debts of the testator, amounting to $5,700 in all, and testator's release therefrom, testator agreed to procure the discharge of all mortgages on 120 acres of land in which she had a life estate, and of which the claimant was the owner in remainder; and by which agreement she further agreed that she would pay to said *Hale Roberts* the interest on said sum of $1,800 as long as she lived. That, in keeping with said agreement, plaintiff assumed and agreed to pay and deliver to John Inbusch his personal note for said sum of $1,800, and, to secure the payment of the same, plaintiff and testator joined in the execution of a mortgage on said 120 acres, and in a few days thereafter said debts of $5,700 were discharged, and testator released therefrom. That testator died on the 14th day of May, 1898, and at the time of her death there was the sum of $81 accrued interest on said note and mortgage. That at the time of the death of the testator she was in-

debted to the claimant in the sum of $83.65 for lumber furnished in making necessary repairs and improvements on said lands, which he furnished at her request and as her agent, and that plaintiff is entitled to interest on said amounts from the days of payment up to the day of this judgment or finding."

Upon these findings the court rendered judgment for the claimant for $194.84, with costs, and from this judgment *Cassie R. Lamberton* appeals.

*W. W. Rowlands,* for the appellant.

*John W. Owen,* for the respondent.

WINSLOW, J. . The findings of fact in the present case are fully sustained by competent evidence and we do not deem it necessary nor profitable to consider the evidence in detail.

It appears that the testatrix, in 1888, owned several hundred acres of farming land, incumbered by mortgages amounting in the aggregate to $5,700; that in that year she quitclaimed 120 acres of the farm to the claimant, her son, reserving a life estate therein; that there were six children in all, and the testatrix afterwards divided her remaining lands among the other five children, and executed deeds to them of their respective parcels, in which the children assumed and agreed to pay their proportionate shares of the incumbrances, leaving $1,800 of the same which was not assumed; that this sum was the share of the claimant, and that in August, 1894, the claimant assumed to pay this amount, and gave his own note for it, secured by a mortgage on the land deeded to him by the testatrix, and the original mortgage was at the same time discharged. This assumption of the $1,800 indebtedness was made in pursuance of an oral agreement made some months before the last-named date, by which testatrix agreed that if the claimant would assume that amount, and thus procure the release of the testatrix therefrom, she would pay interest on that sum to the claimant during her life. She died on the 14th day of May, 1898, leaving interest unpaid since August 15, 1897, amounting to $81.

It is said that this promise of the testatrix was void because not supported by a consideration, and because it was within the statute of frauds. Neither objection has any ground to stand upon. The assumption by the claimant of a debt for which he was not before liable, and the procurement thereby of the release of the testatrix from liability, is entirely sufficient as a consideration for the promise of the testatrix to pay him interest on the sum during her life. The agreement was not an agreement conveying or relating to land or any interest therein, nor was it an agreement which by its terms was not to be performed within one year; hence the statute of frauds has not been contravened.

It is claimed that costs should not have been taxed against the appellant because she is one of the executors of her mother's will, and under sec. 2932, Stats. 1898, costs can only be taxed against the executor personally in case of mismanagement or bad faith. It is true that appellant is one of the executors of the estate, but it appears that the appeal from the judgment of the county court was taken by her in her capacity as legatee, her co-executor refusing to join in an appeal in his official capacity. Hence the appellant appealed alone, under the provisions of sec. 4039, Stats. 1898, as a legatee, and not as executor, and sec. 2932, *supra,* has no application either in circuit court or in this court.

No other questions raised are of sufficient importance to require attention.

*By the Court.*—Judgment affirmed.